Bartley, C. J.
1. The expression by a juror, before the trial, of a hypothetical opinion as to the guilt or innocence of the accused, dependent upon a particular state of facts as to the existence of which no opinion was given, does not constitute a sufficient ground for a new trial in a criminal case
*500 *2. The authority of this court to supervise the judgment of an inferior court because of any supposed error in overruling a motion for a new trial on the ground that the verdict was against the weight of the evidence, can only be derived from statute, and was therefore taken away by the repeal of the statute of 1845, relating thereto.
3. The refusal of the common pleas to grant a new trial on the ground of newly-discovered evidence which was merely cumulative, is not ground for a reversal of the judgment of that court on error.
4. It is not requisite that a venire for a special jury in a case of murder in the first degree, should be either entitled as of the case pending, or state the name of the person of whose murder the indictment charges the accused.
5. A motion to continue a cause is a matter addressed to the-sound discretion of the court, and therefore an order overruling such a motion can not be reviewed on error.
6. The intent or purpose to kill, which constitutes an essential element in the crime of murder under the statute of this state, and an averment of which is necessary in an indictment for murder, need not be averred 'in the identical words of the statute. An. averment, therefore, that the accused “ purposely and of deliberate- and premeditated malice assaulted, cut, and stabbed ” H, “ thereby then and there purposely and of deliberate and premeditated malice, giving to S a mortal wound,” of which mortal wound he instantly died, is sufficient—the intent to inflict a mortal wound importing, ex vi termini, an intent to kilb
7. In the trial of an indictment for murder, the defense of insanity under the plea of not guilty, does not change the nature of the issue so as to give the affirmative to the defendant, and entitle the defendant to the opening and closing argument to the jury.
8. The accused in a criminal case is not entitled to an acquittal on the ground of insanity, if at the time of the alleged offense he had capacity and reason sufficient left *to enable him to distinguish between right and wrong, and understand the nature of his act, and his relation to the party injured.
9. As the law presumes every person who has reached the age of discretion to be of sufficient capacity to be responsible for crime, the burden of establishing the insanity of the accused affirmatively to the satisfaction of the jury, on the trial of a criminal case, rests upon the defense. It is not necessary, however, that this defense *501 be established beyond a reasonable doubt; it is sufficient if the jury is reasonably satisfied, by the weight or preponderance of the evidence, that the accused was insane at the time of the commission ■of the act.

Judgment of the court of common pleas affirmed,.

Swan and Scott, JJ., concurred.